*715 Judge GABRIEL specially concurring.
¶ 33 I concur fully with the majority's holding and analysis. I write separately, however, with respect to Part II of the majority's opinion, which holds that Stackhouse waived his claim that his right to a public trial was violated. Although I believe that this conclusion is mandated by Anderson v. People, 176 Colo. 224, 227, 490 P.2d 47, 48 (1971), in which our supreme court found a waiver on virtually identical facts, I am not convinced that Anderson, which was decided over forty years ago, is consonant with more recent jurisprudence concerning issues of waiver, structural error, and plain error. Accordingly, although I do not feel that current case law is sufficiently developed to allow me to say that Anderson has been superseded, I believe that this case provides an appropriate vehicle to allow our supreme court to reconsider Anderson, in light of developments in the law in the decades since that case was decided.
I. Anderson
¶ 34 In Anderson, as here, members of the public were excluded from the courtroom during voir dire because the courtroom's limited space would have prevented the court from segregating prospective jurors from witnesses, relatives, and other individuals whose proximity, conversation, or actions might bias the prospective jurors. Id. at 225-26, 490 P.2d at 47-48. Although, like here, defense counsel in Anderson appears to have been informed of the decision to exclude members of the public during jury selection, he did not contemporaneously object to such exclusion. Id. In these circumstances, the supreme court held that the defendant had waived any objection that he may have had to the exclusion. Id. at 227, 490 P.2d at 48.
¶ 35 Because we are bound by Anderson, I cannot disagree with the majority's conclusion that Stackhouse waived his objection to the exclusion of the public during the jury selection phase of his trial. Indeed, the facts here are arguably stronger than those in Anderson, because unlike in Anderson, there is no question that Stackhouse knew that members of the public were asked to leave the courtroom during jury selection, and yet he failed to object. Nonetheless, I question whether the analysis in Anderson remains viable in light of more recent trends in the law relating to principles of waiver, structural error, and plain error.
II. Recent Trends
¶ 36 In my view, Anderson 's waiver analysis is arguably inconsistent with the approach taken by many courts in the decades since Anderson was decided. For example, although the court in Anderson characterized the issue before it as one of waiver, I believe that more recent cases raise a question as to whether the issue is really one of forfeiture. Thus, in United States v. Olano, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (quoting Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) ), the Supreme Court stated, "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.' " See also People v. Montour, 157 P.3d 489, 498 (Colo.2007) (noting that the general standard for the waiver of a constitutional right is "an intentional relinquishment of a known right or privilege"); People v. Rodriguez, 209 P.3d 1151, 1160 (Colo.App.2008) (noting the distinction between waivers and forfeitures), aff'd, 238 P.3d 1283 (Colo.2010) ; cf. People v. Arguello, 772 P.2d 87, 93 (Colo.1989) (noting that an implied waiver of counsel resulting from a defendant's misconduct is more accurately described as a forfeiture of the right, rather than a deliberate and informed decision to waive the right).
¶ 37 The Olano Court further observed that whether a particular right is waivable, whether the defendant must participate personally in the waiver, whether certain procedures are required for waiver, and whether the defendant's choice must be particularly informed or voluntary depend on the right at stake. Olano, 507 U.S. at 733, 113 S.Ct. 1770. Moreover, the Court stated that a forfeiture, as opposed to a waiver, does not extinguish an error under Fed.R.Civ.P. 52(b). Id. Accordingly, an error that was forfeited, as opposed to one that was waived, would be subject to plain error review, notwithstanding *716 the absence of a timely objection. Id. at 733-34, 113 S.Ct. 1770.
¶ 38 In light of the foregoing, I perceive a serious question as to whether Stackhouse should be deemed to have waived his objection to the exclusion of the public from jury selection here, so as to preclude any further appellate review. In my view, this question subsumes a number of related inquiries: (1) whether the right to a public trial is waivable at all; (2) if so, whether Stackhouse's conduct constituted either a waiver or a forfeiture, which turns on whether there was an intentional relinquishment of a known right (a voluntary, knowing, and intelligent failure to make an objection can satisfy this standard); (3) whether Stackhouse had to have participated personally in any waiver; (4) whether certain procedures were required for a waiver, and (5) whether Stackhouse's choice must be particularly informed or voluntary. See id. at 733, 113 S.Ct. 1770.
¶ 39 In making these observations, I acknowledge that in Peretz v. United States, 501 U.S. 923, 936, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991), the Supreme Court cited Levine v. United States, 362 U.S. 610, 619, 80 S.Ct. 1038, 4 L.Ed.2d 989 (1960), for the proposition that failure to object to the closing of a courtroom is a waiver of the right to a public trial. I, however, tend to agree with the Michigan Supreme Court's recent observation that the statement in Peretz was dictum and that Olano controls in a case like this. As the Michigan Supreme Court put it:
Although Levine examined a defendant's right to open criminal contempt proceedings under the Due Process Clause of the Fifth Amendment, a subsequent Supreme Court opinion, Peretz v. United States, cited Levine in dictum for the proposition that the "failure to object to [the] closing of [the] courtroom is [a] waiver of [the] right to public trial."
We decline to follow the dictum of the Supreme Court of the United States because it conflates the concepts of waiver and forfeiture that we have historically recognized in Michigan. Both this Court and the Supreme Court of the United States have distinguished the failure to assert a right-forfeiture-from the affirmative waiver of a right. Olano explained that "[w]aiver is different from forfeiture" in that waiver is "the 'intentional relinquishment or abandonment of a known right.' " A defendant who waives a right extinguishes the underlying error and may not seek appellate review of a claimed violation of that right. "Mere forfeiture, on the other hand, does not extinguish an 'error.' "
People v. Vaughn, 491 Mich. 642, 821 N.W.2d 288, 301-02 (2012) (footnotes omitted; quoting, in order, Peretz, 501 U.S. at 936, 111 S.Ct. 2661 ; Olano, 507 U.S. at 733, 113 S.Ct. 1770 ; and People v. Carter, 462 Mich. 206, 612 N.W.2d 144, 149 (2000) ); see also Commonwealth v. Lavoie, 80 Mass.App.Ct. 546, 954 N.E.2d 547, 553 ("[A]lthough the defendant's assent need not necessarily appear on the trial record, his knowing agreement is required for the valid waiver of the right to a public trial."), review granted, 461 Mass. 1101, 958 N.E.2d 529 (2011). But see Robinson v. State, 410 Md. 91, 976 A.2d 1072, 1080-83 (2009) (concluding that the defendant waived his objection to the denial of a public trial by failing to object at trial, at least where the lack of an objection might have been strategic, rather than inadvertent).
¶ 40 Assuming, then, that under current jurisprudence, Stackhouse would be deemed to have forfeited his objection to the exclusion of the public from jury selection in this case, not to have waived it, the question would become what is the proper nature of any appellate review. Colorado case law has arguably been inconsistent as to whether constitutional issues may be raised for the first time on appeal. See generally People v. Greer, 262 P.3d 920, 933-34 (Colo.App.2011) (J. Jones, J., specially concurring)(collecting case law). In Johnson v. United States, 520 U.S. 461, 466, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997), however, the Supreme Court suggested that forfeited errors, even if structural, are subject to plain error review. Here, the parties agree that the denial of a public trial has been deemed structural error requiring reversal without a showing of specific prejudice. See Waller v. Georgia, 467 U.S. 39, 49-50, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984). Accordingly, assuming that Stackhouse's *717 right to a public trial was violated, see Presley v. Georgia, 558 U.S. 209, 213-14, 130 S.Ct. 721, 724, 175 L.Ed.2d 675 (2010) (noting that the right to a public trial extends to the jury selection process), then even if Stackhouse can be deemed to have forfeited his objection, it appears that plain error review would be warranted.
¶ 41 Indeed, one could read our supreme court's decision in Anderson to suggest the propriety of plain error review in a case like this. In Anderson, 176 Colo. at 228, 490 P.2d at 49, after concluding that the defendant had waived his objection to the denial of a public trial, the court went on to say:
In this instance, due regard for the right to a public trial does not require us to disregard our obligation to sustain a jury verdict that has not been proven to have been remotely influenced by the action taken by the bailiff. The defendant was not the victim of any unjust prosecution, and the limited exclusion of the general public at this trial during the time that a jury was chosen cannot be elevated to the constitutional plateau of reversible error to escape the jury's verdict.
¶ 42 In my view, this language at least suggests that the supreme court was performing what we would today recognize as part of a plain error analysis, addressing whether the alleged error had any effect on the reliability of the judgment of conviction. See People v. Miller, 113 P.3d 743, 750 (Colo.2005) (noting that plain error review addresses error that is obvious and substantial and that so undermined the fundamental fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction).
A holding that forfeited structural errors are subject to plain error review, however, would also not completely resolve the issue presented here, because the Supreme Court has expressly left open the question of whether structural errors automatically satisfy the third prong of the plain error test. See, e.g., Puckett v. United States, 556 U.S. 129, 140, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009) ; see also Tumentsereg v. People, 247 P.3d 1015, 1018 n. 2 (Colo.2011) (observing that the Supreme Court has recently noted that it has several times declined to resolve the question of whether structural error automatically satisfies the third prong of the plain error test delineated in Olano ). Thus, even if plain error review were proper here, a question arises as to whether a structural error could ever fail to satisfy the plain error test.
III. Conclusion
¶ 43 In light of Anderson, which we are bound to follow, I agree with the majority's conclusion that Stackhouse waived his objection to the exclusion of the public from the courtroom during jury selection. For the reasons set forth herein, however, I am not convinced that Anderson is consistent with the case law that has developed in the decades since it was decided, or that our supreme court would adhere to the approach taken in Anderson if squarely presented with the identical issue today. Accordingly, I respectfully urge the supreme court to take a fresh look at Anderson, in light of the developing case law that I have discussed.